Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| BULON GROUP (DBA D´GIRLS)<br><br>Apelante<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE SAN JUAN<br><br>Apelada | KLAN202400746 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre:<br>Debido proceso de ley; presunciones legales; peso de la prueba; Código de Orden Público del Municipio de San Juan<br><br>Caso Núm.:<br>SJ2024CV04705 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de octubre de 2024.

La parte apelante, Bulon Group, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 8 de julio de 2024, notificada a las partes el 9 de julio de 2024. Mediante la misma, el foro primario confirmó una *Resolución Administrativa* emitida por la Oficina de Asuntos Legales del Municipio de San Juan (Municipio), la cual declaró *No Ha Lugar* una apelación promovida por la parte apelante, respecto a una impugnación de un boleto administrativo impuesto en su contra.

Por los fundamentos que expondremos a continuación, se revoca el dictamen apelado.

**I**

La parte apelante opera el negocio "D'Girls" en el Municipio de San Juan. Según surge, el 11 de noviembre de 2023, la Policía Municipal expidió un boleto administrativo en su contra por infracción al Artículo 2.101 del Código de Orden Público del

Número Identificador
SEN2024 _____

Municipio de San Juan, Ordenanza Núm. 3, Serie 2023-2024 de 8 de agosto de 2023, ello por expendio de bebidas alcohólicas fuera del horario permitido. La referida multa fue por la suma de $5,000.00.

Inconforme, el 30 de noviembre de 2023, el apelante compareció ante la División de Revisión de Multas Administrativas de la Oficina de Asuntos Legales del Municipio de San Juan y presentó una solicitud de vista administrativa, ello a fin de impugnar el boleto en controversia. Tras los trámites de rigor, el 27 de febrero de 2024 se celebró la vista administrativa.

Conforme se hizo constar en el *Informe [del] Juez Administrativo* del 13 de marzo de 2024, el Policía Municipal Guerrero, oficial que emitió el boleto en disputa, declaró que, el día de los hechos, se encontraba efectuando un operativo con personal de la Oficina de Permisos del Municipio y que, a eso de las 3:09 am, registraron el local de la parte apelante. Según surge, el policía Guerrero afirmó haber visto dos (2) vasos que unos clientes desecharon "de forma sigilosa"[1]. Igualmente, se hizo constar que el Funcionario también expresó haber visto a una persona con un vaso en la mano al momento de la intervención, y que en el interior del local habían seis (6) personas. Según se consignó, el policía Guerrero declaró que el incidente quedó grabado en su "body cam".[2] No obstante, dicha grabación nunca se presentó en evidencia.

Del *Informe [del] Juez Administrativo* también se desprende que el señor Osvaldo González, Gerente de Piso del negocio de la parte apelante, testificó a favor de la entidad. Según se dispuso, declaró que, en la madrugada de los hechos, los oficiales se personaron hasta el establecimiento y le notificaron que la intervención era una relacionada a la verificación de los permisos

---

[1] Véase: Apéndice, Anejo 1, *Informe [del] Juez Administrativo*, pág. 2.
[2] *Íd.*

del local. Según surge, este les permitió la entrada, los llevó al área en la que estaban los permisos a corroborar y afirmó que, en el lugar, había un sistema de cámaras de seguridad en funcionamiento. Conforme se desprende del Informe de referencia, la parte apelante presentó en evidencia un video de los hechos, descrito como "narrado, editado con *zooms* y *fade out* de escenas".[3]

En su Informe, el Juez Administrativo concernido expuso que, a fin de impugnar la infracción en controversia, la parte apelante no cumplió con la carga probatoria para rebatir la presunción controvertible expresamente establecida en el Artículo 2.101 del Código de Orden Público del Municipio de San Juan, *supra,* ello, en cuanto a que "cualquier líquido dentro de un envase rotulado como bebida alcohólica es una bebida alcohólica", así como que "una bebida alcohólica, esté en su envase original, o no, que se encuentre abierta dentro de un establecimiento comercial fuera del horario [...] dispuesto, fue vendida o expedida fuera del horario autorizado".[4] A ello añadió que, para propósitos de la conducta punible, el Código de Orden Público del Municipio de San Juan, *supra,* en su Artículo 1.106 (31) extendía la definición de concepto de *expendio de bebidas alcohólicas* a, entre otras, la acción de, "despachar o servir bebidas alcohólicas, ya sea mediante compraventa o a título gratuito, o facilitar, o de cualquier otra forma o manera permitir que otra persona o personas puedan consumir bebidas alcohólicas"[5], todo dentro del curso de una actividad comercial. El Juez Administrativo también expuso que el video presentado por la parte apelante, no presentaba criterios de confiabilidad. De este modo, el Funcionario recomendó denegar la revisión administrativa que respecto a la expedición del boleto en controversia promovió la parte apelante.

---

[3] *Íd.*
[4] *Íd.*
[5] *Íd.*, pág. 3.

Mediante *Resolución* del 10 de abril de 2024, notificada el 12 de abril siguiente, la Directora de la Oficina de Asuntos Legales del Municipio, acogió la recomendación efectuada en el *Informe [del] Juez Administrativo* y declaró *No Ha Lugar* la revisión en controversia. En consecuencia, sostuvo la multa de $5,000.00 que le fue impuesta a la parte apelante.

En desacuerdo con la anterior determinación, el 24 de abril de 2024, la parte apelante presentó *Moción de Reconsideración.* En esencia, reprodujo los hallazgos de la vista según expuestos en el *Informe [del] Juez Administrativo* y destacó el hecho de que el Municipio nunca presentó en evidencia el video aducido por el policía Guerrero en su declaración. A su vez, también afirmó que, más allá de declarar que vio a unos clientes botar, de forma sigilosa, unos vasos, este nunca testificó haber visto bebida alcohólica alguna en el lugar. Igualmente, al expresarse sobre el video que en su defensa presentó, indicó que en el mismo se podía ver un vaso al lado de una lata abierta de una bebida energizante y que no se mostraba imagen alguna de bebidas alcohólicas. Del mismo modo, la parte apelante sostuvo que, el video presentado tampoco mostraba a alguna persona consumiendo bebidas alcohólicas. A tenor con sus argumentos, la entidad compareciente afirmó que el Municipio no estableció el hecho base de la presunción contenida en el Artículo 2.101 del Código de Orden Público del Municipio de San Juan, *supra,* toda vez que, según sostuvo, la prueba que presentó no gozaba de la suficiencia requerida a tal fin, ello de conformidad con la expresa letra de la antedicha disposición. Así, y tras aducir que el Juez Administrativo incidió en la interpretación y aplicación de la norma pertinente a la disputa entre las partes, solicitó que se reconsiderara la *Resolución* emitida.

El 8 de mayo de 2024, la Oficina de Asuntos Legales del Municipio notificó su *Resolución Final*. En virtud de la misma, denegó la reconsideración solicitada por la parte apelante.

El 26 de mayo de 2024, la parte apelante presentó ante el Tribunal de Primera Instancia la *Solicitud de Revisión Judicial* de epígrafe. En esencia, reprodujo sus previos argumentos y se reafirmó en que el Juez Administrativo que celebró la vista, erró al aplicar al caso la presunción establecida en el Artículo 2.101 del Código de Orden Público del Municipio de San Juan, *supra*. Al abundar, indicó que, para activar la presunción en disputa, el Municipio debió haber presentado prueba que estableciera el hecho base de la misma. Sobre ello, se reafirmó en que la evidencia del Municipio, en específico, el testimonio del policía Guerrero, no cumplió con dicha obligación probatoria, puesto que el testigo nunca sostuvo haber visto un envase rotulado cuyo contenido pudiera presumirse como una bebida alcohólica, ni observó bebida alcohólica servida en su envase original, o no, que se encontrase abierta, dentro del establecimiento comercial, fuera del horario permitido.

A su vez, la parte apelante sostuvo que, en la alternativa de estimarse que la prueba del Municipio fue suficiente para establecer el hecho base de la presunción estatuida en el Artículo 2.101 del Código de Orden Público del Municipio de San Juan, *supra*, el video que presentó en evidencia fue capaz de controvertir la misma. De este modo, y tras aducir que al sostenerse la multa que le fue impuesta, se transgredió su derecho constitucional al debido proceso de ley, la parte apelante solicitó que se dejara sin efecto la determinación de la Oficina de Asuntos Legales del Municipio.

El 18 de junio de 2024, el Municipio compareció ante el foro primario mediante *Moción Exponiendo Posición del Municipio de San Juan*. En el pliego, afirmó que el Funcionario a cargo de celebrar la

vista administrativa del caso, tuvo ante sí evidencia sustancial que sustentaba la corrección de la imposición de la multa en controversia, por lo que, en ausencia de prueba sobre parcialidad o prejuicio a este atribuible, competía sostenerse lo resuelto. En particular, el Municipio efectuó una exposición sobre la prueba presentada por las partes en la vista y, al respecto, afirmó que el video sometido por la entidad apelada había sido editado. De esta forma, reiterándose en que su prueba fue creíble y satisfactoria, y afianzándose en la norma que invita la deferencia judicial ante las determinaciones emitidas por un organismo administrativo, el Municipio solicitó la desestimación de la causa de acción de autos.

El 9 de julio de 2024, el Tribunal de Primera Instancia notificó la *Resolución* aquí apelada. En la misma, concluyó que, a la luz del expediente administrativo pertinente, no se hacía meritorio celebrar una vista en su fondo para disponer de la controversia entre las partes. En particular, expresó que los documentos acreditativos del trámite administrativo en controversia, demostraban que el debido proceso de ley de la parte apelante fue debidamente resguardado. Sobre dicho particular, el Juzgador destacó que esta participó activamente de todas las etapas del procedimiento, que fue asistida por abogado, que se le concedió su derecho de revisión respecto al boleto impugnado, así como el derecho a vista, a presentar prueba, a contrainterrogar y a solicitar la reconsideración de lo resuelto. El Tribunal de Primera Instancia añadió que, contrario a lo alegado por la parte apelante, la determinación impugnada consideró los testimonios presentados en la vista, así como la credibilidad que se les adjudicó. Así, expresó que, dado a que nada evidenciaba arbitrariedad ni irrazonabilidad alguna en el ejercicio adjudicativo correspondiente, carecía de discreción para sustituir la apreciación efectuada por el organismo municipal concernido. De este modo, el foro primario confirmó la *Resolución* emitida por la Oficina de

Asuntos Legales del Municipio y, como resultado, sostuvo la oponibilidad del boleto administrativo impugnado por la parte apelante.

Inconforme, el 7 de agosto de 2024, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula los siguientes señalamientos:

> El Tribunal de Primera Instancia erró al aplicar un estándar de revisión incorrecto, otorgando deferencia indebida al MSJ en una controversia que nada tiene que ver con apreciación de la prueba ni con la interpretación de una ley que requiera una pericia especial. Este proceder es contrario a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, y al principio de separación de poderes que permea nuestro ordenamiento, bajo el cual corresponde a la Rama Judicial interpretar las leyes. Véase *Loper Bright Enterprises v. Raimondo*, 22-451 (decidido el 28 de junio de 2024).

> El Juez Administrativo erró al aplicar la presunción del Artículo 2.101 del COP sin que se presentara prueba alguna que justificara activarla.

> El Juez Administrativo erró al revertir indebidamente el peso de la prueba y al concluir que la parte peticionaria no controvirtió la presunción aplicada incorrectamente.

> El Juez Administrativo violó el derecho constitucional a un debido proceso de ley de la parte peticionaria al sostener la multa de $5,000.00, revirtiendo el peso de la prueba mediante la aplicación incorrecta de una presunción legal sin que el Estado presentara prueba alguna que lo justificara.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a resolver.

**II**

**A**

El Código de Orden Público del Municipio de San Juan, Ordenanza Núm. 3, Serie 2023-2024 (Código de Orden Público), se adoptó con el fin de garantizar en las comunidades de dicho ayuntamiento el bienestar general, la salud y la seguridad pública. En la consecución de dichos intereses, su propósito principal es

"contribuir a una mejor calidad de vida, y convivencia pública, mantener el decoro, la limpieza, el orden y fomentar la salud, seguridad y tranquilidad de [los] residentes, comerciantes y visitantes". Art. 1.1.3, Código de Orden Público del Municipio de San Juan, *supra.*

En lo aquí atinente, entre sus disposiciones, el Código de Orden Público incluye unas relativas a la venta y consumo de bebidas alcohólicas. En específico, en su Capítulo II, la referida compilación de normas estatuye las limitaciones impuestas a los comercios municipales, con relación a la venta y expendio de las mismas.

En particular, el Artículo 2.101 del Código de Orden Público, *supra,* reza:

**Artículo 2.101.- Horario de Venta o Expendio de Bebidas Alcohólicas**

Se prohíbe la venta o expendio de bebidas alcohólicas durante el siguiente horario:

(1) lunes a viernes: de una de la madrugada (1:00 a. m.) a seis de la mañana (6:00 a. m.).

(2) sábados y domingos: de dos de la madrugada (2:00 a. m.) a seis de la mañana (6:00 a. m.).

(3) lunes declarados como día feriado legal, ya sea estatal o federal: de dos de la madrugada (2:00 a. m.) a seis de la mañana (6:00 a.m.).

Se excluyen de las disposiciones sobre el horario de venta y expendio de bebidas alcohólicas anteriormente establecidas a los hoteles reglamentados por la Compañía de Turismo de Puerto Rico, estén estos o no dentro de una zona turística, los cuales podrán continuar la venta o expendio de bebidas alcohólicas a sus huéspedes para consumo dentro del hotel. De igual forma, se exceptúan a clubes y organizaciones cívicas, educativas o profesionales sin fines de lucro, que efectúen actividades privadas, tales como asambleas, graduaciones y sus respectivas celebraciones, banquetes y otras actividades sociales análogas, siempre que estas no se realicen con un fin comercial.

Toda persona que infrinja lo dispuesto en este Artículo estará sujeto al pago de una multa administrativa de cinco mil dólares ($5,000) y deberá detener su actividad comercial inmediatamente.

Se establece como presunción controvertible que cualquier líquido dentro de un envase rotulado como bebida alcohólica es una bebida alcohólica. De igual forma, se establece como presunción controvertible que una bebida alcohólica, esté en su envase original o no, que se encuentre abierta dentro de un establecimiento comercial fuera del horario antes dispuesto, fue vendida o expendida fuera del horario autorizado en contravención a lo dispuesto en este Artículo.

[…].

Por su parte, el Artículo 1.106 del Código de Orden Público, *supra,* provee un listado de definiciones, todo a los fines de complementar el alcance de las normas en él estatuidas. En lo pertinente a los términos del precitado Artículo 2.101, se provee como sigue:

**Artículo 1.106 - Definiciones**

Para propósitos de este Código, los siguientes términos tendrán los significados que a continuación se expresan, excepto donde el contexto en el que se utilicen claramente indique otra cosa:

[…]

(31) **Venta o expendio de bebidas alcohólicas:** toda venta al detal de bebidas alcohólicas a cualquier persona para uso o consumo. El expendio incluye, en el curso de una actividad comercial, despachar o servir bebidas alcohólicas, ya sea mediante compraventa o a título gratuito, o facilitar o de cualquier otra forma o manera hacer o permitir que otra persona o personas puedan consumir bebidas alcohólicas.

[…].

**B**

Finalmente, conforme dicta nuestro estado de derecho, las presunciones en los procesos judiciales "son reglas de inferencia que controlan o limitan la discreción del juzgador en el aspecto central de deducir o inferir las conclusiones pertinentes a partir de toda la evidencia presentada en el juicio". E. L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1992, Vol. II, pág. 46. Al respecto, la Regla 301 (a) de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 301(a), define una *presunción* como una deducción de un hecho autorizado a hacer, o

que se requiere que se haga de otro hecho o grupo de hechos previamente establecidos en la acción. El *hecho base* es el elemento fáctico establecido previamente, y el *hecho presumido* es el elemento fáctico que se deduce del hecho base. *Íd.*; *Pueblo v. Nieves Cabán*, 201 DPR 853, 871 (2019). Una presunción es *incontrovertible* cuando la ley no permite presentar evidencia para destruirla o rebatirla, es decir, para demostrar la inexistencia del hecho presumido. Las demás presunciones se denominan *controvertibles*. 32 LPRA AP. VI, R. 301 (b).

El ordenamiento jurídico intima que la razón en la que las presunciones se sostienen es una cuestión de probabilidades. E. L. Chiesa Aponte, *op. cit.,* pág. 46. Siendo ello así, su implementación está guiada por la lógica, la experiencia y el sentido común producto del juicio inferencial del juzgador. E. L. Chiesa Aponte, *op. cit.,* pág. 46; *Pueblo v. Sánchez Molina,* 134 DPR 577, 588 (1993). Por tanto, establecido el hecho base de la presunción, se permite que el juzgador infiera y dé como establecido el hecho presumido.

**III**

En la presente causa, la parte apelante en esencia alega que el Tribunal de Primera Instancia erró al no acoger su solicitud de revisión y, en consecuencia, al otorgar deferencia a lo resuelto en su contra por la Oficina de Asuntos Legales del Municipio. Específicamente, plantea que el foro primario debió haber advertido que el Juez Administrativo que presidió la vista administrativa en controversia, incidió al aplicar la presunción controvertible establecida en el Artículo 2.101 del Código de Orden Púbico, *supra,* sin contar con la prueba requerida para activarla. En ese sentido particular, sostiene que dicho funcionario incurrió en error al invertir la carga probatoria pertinente y al resolver que, con su prueba, no controvirtió la presunción en cuestión. A base de ello, sostiene que se transgredió su debido proceso de ley al sostenerse

la multa de $5,000.00 expedida en su contra.  Habiendo atendido los referidos señalamientos, resolvemos revocar el dictamen apelado.

Un examen del expediente de autos, mueve nuestro criterio a resolver que el tribunal primario erró en su determinación. A nuestro juicio, las determinaciones emitidas que sustentan la oponibilidad de la multa en disputa, no son suficientes para establecer la concurrencia de los elementos propios a la conducta prohibida por la cual la parte apelante fue multada. Para propósitos de activar la presunción objeto de controversia, el testimonio del policía Guerrero, conforme consignado en el *Informe [del] Juez Administrativo,* no fue bastante a la luz de las exigencias estatuidas en el Artículo 2.101 del Código de Orden Púbico, *supra.* Según surge, este nada declaró sobre haber visto un líquido en un envase rotulado, cuyo contenido pudiera presumirse como bebida alcohólica.  A su vez, este tampoco testificó haber corroborado que, en el lugar, y fuera del horario permitido, se había despachado una sustancia clasificada como bebida alcohólica para propósitos de consumo. Dichas omisiones, claramente incumplen con los términos, no solo del Artículo 2.101 del Código de Orden Púbico, *supra,* ello en cuanto a establecer el hecho base de la presunción allí contenida, sino, también, con el alcance de la definición de "venta", conforme codificada en el Artículo 1.106 de dicha compilación.

Si bien, como norma, las determinaciones administrativas gozan de un amplio margen de deferencia judicial, ello no obsta para que los tribunales ejerzan sus funciones adjudicativas sobre las mismas si estas, entre otros criterios, no se sustentan en evidencia sustancial que surja de la totalidad del expediente administrativo. Sección 4.5, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec.

9675; *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). Toda vez que el Tribunal de Primera Instancia no examinó la prueba desfilada en la vista administrativa, estaba llamado a dirigir su criterio a base del contenido del *Informe [del] Juez Examinador.* Sin embargo, en dicha gestión, debió haber advertido que, del mismo, no surgía evidencia suficiente para establecer el hecho base de la presunción que se opuso respecto a la parte apelante. Siendo así, no podemos sino dejar sin efecto la determinación apelada y, en consecuencia, revocar el boleto administrativo que le fue impuesto a la entidad compareciente. El pronunciamiento que nos ocupa es contrario a derecho, razón que nos permite imponernos sobre lo resuelto por el foro primario.

**IV**

Por los fundamentos que anteceden, se revoca la *Resolución* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. El Juez Pérez Ocasio concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones